UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNIE DENICE WATSON,

    Plaintiff,

v.

DONNA RAMERE, et al.,

    Defendants.

Case No. 25-cv-10467

Honorable Robert J. White

## ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE AMENDED COMPLAINT

Before the Court is *pro se* Plaintiff Connie Denice Watson's application to proceed *in forma pauperis*. (ECF No. 6). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the amended complaint for failure to state a claim and a lack of subject-matter jurisdiction.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court

therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up). Further, whether a plaintiff proceeds *in forma pauperis* or not, courts must dismiss any action over which they lack subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Plaintiff's amended complaint, although difficult to decipher, seemingly asserts that Defendants orchestrated a scam to steal her invention for a device for filling and tying water balloons. (ECF No. 5). She alleges "a Scam of a Federal Crime of Fraud of Identity Theft of a Unite[d Sates] Patent of a Claim of Plaintiff invention [sic]," asserting that Defendants wrongfully obtained valuable information

2

on the invention and effectively stole a patent for the device. (ECF No. 5, PageID.136-49). According to Plaintiff, her own patent application was denied because Defendants filed first, following the alleged scam and theft. (ECF No. 5, PageID.149).

Plaintiff asserts that the Court has both federal question and diversity jurisdiction in this matter. (ECF No. 5, PageID.155-63). Concerning diversity jurisdiction, the Court disagrees.

Federal district courts have diversity jurisdiction in civil cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Under [§ 1332], there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). Here, Plaintiff names nine separate defendants in this action. But according to the amended complaint, Plaintiff and two defendants, Martin Sovis and James E. White, are all citizens of Michigan. (ECF No. 5, PageID.155, 163). This case therefore lacks diversity of citizenship.

With respect to the basis federal question jurisdiction, the amended complaint provides:

> [T]he specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case [are the] Intelligence reform and terrorism prevention act of 2004, The Anti-

3

>Terrorism, Involvement of an act of Violence, The creation of a mood of fear, Innocent Victims [sic].

(ECF No. 5, PageID.155, 163).

The amended complaint alleges no facts whatsoever to implicate any of these purported bases for federal question jurisdiction, at least with respect to claims involving terrorism and violence. As discussed, Plaintiff alleges a scam to steal and patent her invention idea. It is wholly unclear how this case in any way involves terrorism or violence. And even accepting that Defendants' conduct victimized Plaintiff and caused her fear, the complaint fails to establish that such conduct implicates any federal statute or right. In the Court's view, any such claims arise under state law—e.g., the infliction of emotional distress—and would only be properly before the Court as supplemental to a well-pleaded federal claim (or if diversity jurisdiction applied). *See* 28 U.S.C. § 1367.

Furthermore, the Court concludes that Plaintiff has not plausibly alleged a claim arising under federal patent law. Federal courts have exclusive jurisdiction over cases arising under patent law. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). But "[a] case does not arise under the patent laws merely because questions of patent law may arise . . . ." *Combs v. Plough, Inc.*, 681 F.2d 469, 470 (6th Cir. 1982). "Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not of all questions in which a patent may be the subject matter of the controversy." *Id.*

4

And "[w]here diversity is lacking, the fact that questions and issues are raised in connection with a patent is not sufficient to invoke the jurisdiction of the court." *Id.*

Here, Plaintiff identifies no specific provisions of patent law at issue. Plaintiff repeatedly alleges "a Scam of a Federal Crime of Fraud of Identity Theft of a Unite[d Sates] Patent of a Claim of Plaintiff invention [sic]," but the Court cannot construe any specific federal claim, let alone any civil patent claim, from this jumbled allegation. And Plaintiff's factual allegations concerning the patent remain unclear even after liberally construing the amended complaint. *See Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (unpublished) (even when considering *pro-se* pleadings, "'courts should not have to guess at the nature of the claim asserted.'") (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)); *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) ("Courts may not rewrite a complaint to include claims that were never presented, nor may courts construct the plaintiff's legal arguments for him. Neither may the court conjure up unpled allegations, nor create a claim for Plaintiff.") (cleaned up).

Even assuming Plaintiff's amended complaint could factually implicate an inventorship claim under 35 U.S.C. § 256—*see Venture Indus. Corp. v. Autoliv Asp.*, No. 99-75354, 2002 U.S. Dist. LEXIS 24633, at *9 (E.D. Mich. Dec. 9, 2002) ("Questions of inventorship and ownership are expressly reserved for the patent law aspect of this case."); *BearBox LLC v. Lancium LLC*, 125 F.4th 1101, 1111-14 (F.

Cir. 2025) (state conversion claim based on theft of unpatented invention was preempted by federal patent law); *Wisefame Int'l Ltd. v. FKA Distrib. Co.*, 2011 U.S. Dist. LEXIS 11431, at *12 (E.D. Mich. Feb 7, 2011) (35 U.S.C. § 256 permits claims in federal court to correct an error in inventorship)—she fails to provide Defendants adequate notice of such a claim.

As discussed, the precise nature of Plaintiffs' claims remain unclear where she identifies no specific provisions of patent law at issue and, citing only to anti-terrorism and other unrelated federal statutes, confusingly alleges "a Scam of a Federal Crime of Fraud of Identity Theft of a Unite[d Sates] Patent of a Claim of Plaintiff invention [sic]." It also remains unclear factually from the amended complaint how each of the nine defendants were individually involved in or contributed to any alleged scheme or theft. For these reasons, dismissal is warranted. *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020) (a complaint "violates Rule 8(a)(2)'s requirement that a plaintiff provide the defendants adequate notice of the claims against them and the grounds upon which each claim rests" when it fails "to connect specific facts or events with the various causes of action" asserted) (cleaned up).

\* \* \*

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 6) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the amended complaint (ECF No. 5) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief and lack of subject-matter jurisdiction.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: April 30, 2025                    s/Robert J. White
                                                            Robert J. White
                                                            United States District Judge